UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **JOSEPH ROBERTS**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**ICOT HEARING SYSTEMS, LLC d/b/a LISTENCLEAR**, a Georgia limited liability company, and **ICOT HOLDINGS, LLC**, a Georgia limited liability company,<br><br>*Defendants*. | Case No.   2:19-cv-00068-RWS<br><br>**COMPLAINT – CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Joseph Roberts ("Roberts" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendants ICOT Hearing Systems, LLC d/b/a ListenClear ("ListenClear") and ICOT Holdings, LLC ("ICOT Holdings") (collectively "Defendants") to (1) stop their practice of placing calls using an automatic telephone dialing system ("ATDS") and/or using "an artificial or prerecorded voice" to the cellular telephones of consumers nationwide without their prior express written consent, (2) enjoin Defendants from continuing to place autodialed telephone calls to consumers who did not provide their prior written express consent to receive them, (3) to enjoin Defendants from calling

1

consumers who are registered on the do not call registry, and (4) obtain redress for all persons injured by their conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. Defendant ListenClear is a company that manufactures and sells hearing devices. Its marketing focuses on offering consumers a 45-day risk-free trial of its hearing aids.[1]

2. Unfortunately for consumers, Defendants cast their marketing net too wide. That is, in an attempt to promote ListenClear's products and generate sales, Defendants conducted (and continue to conduct) a wide-scale telemarketing campaign that features the repeated making of unsolicited, autodialed phone calls to consumers' phones, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

3. By making the autodialed calls at issue in this Complaint, Defendants together caused Plaintiff and the other members of the Classes actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls, wear and tear on their cellular

---

[1] http://www.listenclear.com

telephones, loss of battery life, and diminished value for the monies consumers paid to their wireless carriers for the receipt of such calls. Plaintiff and others suffered in the form of the diminished use, enjoyment, value, and utility of their telephone plans, and Defendants made the calls knowing they interfered with Plaintiff and the other Class members' use and enjoyment of, and the ability to access their cell phones, including the related data, software, apps, and hardware components.

4. The TCPA was enacted to protect consumers from autodialed phone calls like those alleged and described herein. In response to Defendants' unlawful conduct, Plaintiff brings this action seeking injunctive relief, requiring Defendants to cease all autodialed telephone calling activities to cellular telephones without first obtaining prior express written consent, as well as an award of statutory damages to the members of the Classes under the TCPA, together with costs and reasonable attorneys' fees.

**PARTIES**

5. Plaintiff Joseph Roberts is a natural person and resident of Cumming, Georgia.

6. Defendant ICOT Hearing Systems, LLC d/b/a ListenClear is a limited liability company organized and existing under the laws of the State of Georgia with its principal place of business located at 300 Bull Street, Suite 200, Savannah,

GA 31401.[2] Defendant conducts business throughout this District, the State of Georgia, and the United States.

7. Defendant ICOT Holdings, LLC is a limited liability company organized and existing under the laws of the State of Georgia with its principal place of business located at 300 Bull Street, Suite 200, Savannah, GA 31401. On information and belief, ICOT Holdings' officers and directors exert operational control over ListenClear and direct and control the business strategy and daily operations of ListenClear, including ListenClear's sales, marketing strategy, and unlawful telemarketing activities.[3]

8. The calls at issue in this case were made by ListenClear or its agents on behalf, for the benefit, at the direction, and with the knowledge of both Defendants, and both Defendants approved and ratified the making of the calls.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute.

10. The Court also has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) *et seq*. ("CAFA") because there are over 100 class members,

---

[2] Despite assurances on its website, ListenClear itself is not a registered LLC.

[3] The two entities often jointly pursue their legal interests in other cases. *See* Answer, *Hennie v. ICOT Hearing Sys., LLC*, Case No. 1:18-cv-02045-WMR (N.D. Ga. July 10, 2018); *ICOT Holdings, LLC v. Young*, Case No. A18A1427 (Ga. Ct. App. Mar. 16, 2018).

4

there is minimal diversity, and there is over $5,000,000 at issue when the claims of the Classed are aggregated. None of the exceptions to CAFA applies.

11. This Court has personal jurisdiction over Defendants because: (1) Defendants are headquartered in this District; (2) on information and belief, at least one of Defendants' members or mangers resides in this District, (3) Defendants conduct a significant amount of business in this District and solicit consumers in this District, (4) Defendants made and continue to make unsolicited autodialed calls in, from, and to this District, and (5) the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

12. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendants is headquartered in this District, conducts a significant amount of business within this District and markets to this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Venue is additionally proper because Plaintiff resides in this District.

## COMMON FACTUAL ALLEGATIONS

13. Defendant ListenClear is a company that manufactures, markets, and sells hearing aid devices to consumers. Consumers have the ability to contact ListenClear online or via telephone to order a hearing aid device from ListenClear and inquire about a 45-day free trial.

5

14. In recent years, online companies such as ListenClear have turned to unsolicited telemarketing as a way to increase their customer base. Widespread telemarketing is a primary method by which ListenClear recruits new customers.

15. As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded telemarketing calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012); *see also* 47 U.S.C. § 227 *et seq*.

16. Yet, in violation of this rule, Defendants fail to obtain any prior express written consent to make autodialed calls to Plaintiff's and the other Class member's cellular telephone numbers.

17. In placing the calls that form the basis of this Complaint, Defendants utilized an automatic telephone dialing system ("ATDS") in violation of the TCPA. Specifically, the hardware and software used by ListenClear has the capacity to generate and store random numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendants' automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically

6

connecting answered calls to then available callers and disconnecting the rest (all without human intervention).

18. At all times material to this Complaint, Defendants were and remain fully aware that unsolicited telemarketing calls are being made to consumers' cellular telephones through its own efforts and its agents.

19. Defendants knowingly made (and continues to make) unsolicited telemarketing calls without the prior express written consent of the call recipients. In so doing, Defendants not only invaded the personal privacy of Plaintiff and members of the putative Classes, but they also intentionally and repeatedly violated the TCPA.

### FACTS SPECIFIC TO PLAINTIFF JOSEPH ROBERTS

20. On August 5, 2004, Plaintiff registered his telephone number on the National Do Not Call Registry to avoid receiving unsolicited telemarketing calls.

21. Beginning on or around August 24, 2018, and more than 31 days after he registered his number on the National Do Not Call Registry, Plaintiff began receiving unsolicited, autodialed calls from ListenClear. Plaintiff received a call each day for several days, offering to sell him hearing aids.

22. When answering the phone, Plaintiff would first be met with "dead air" before the other line would connect to a live representative. This is a telltale

sign of an ATDS. The callers, who identified themselves as ListenClear, provided the phone number (855) 660-4327 as a call-back number.

23.     Plaintiff has never provided his prior express written or oral consent to Defendants to call him.

24.     By making unauthorized autodialed calls as alleged herein, Defendants have caused consumers actual harm in the form of annoyance, nuisance, and invasion of privacy. In addition, the calls disturbed Plaintiff's use and enjoyment of his phone, caused wear and tear on the phone's hardware (including the phone's battery) and consumed data and memory on Plaintiff's phone. In the present case, a consumer could be subjected to many unsolicited calls as the Defendants seemingly ignore the requirement of prior express written consent.

25.     To redress these injuries, Plaintiff, on behalf of himself and the Classes of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited calls to cellular telephones.

26.     On behalf of the Classes, Plaintiff seeks an injunction requiring Defendants to cease all wireless telemarketing activities and an award of statutory damages to the class members, together with costs, pre- and post-judgment interest, and reasonable attorneys' fees.

## CLASS ALLEGATIONS

27. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following two Classes:

> **Autodialed No Consent Class:** All persons in the United States from four years prior to the filing of the instant action who (1) Defendants (or a third person acting on behalf of Defendants) called, (2) to the person's cellular telephone number, and (3) for whom Defendants claim they obtained prior express consent in the same manner as Defendants claim they obtained prior express consent to calls the Plaintiff, and (4) using the same equipment used to call Plaintiff.
>
> **DNC No Consent Class**: All persons in the United States who (1) received more than one call on his/her cellular telephone from or on behalf of Defendants; (2) within any 12-month period; (3) where the cellular telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendants' products and services; and (5) for whom Defendants claims it obtained prior express consent in the same manner as Defendants claims it obtained prior express consent to calls the Plaintiff.

28. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, their subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest and its current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6)

persons whose claims against Defendants have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definitions following appropriate discovery.

29. **Numerosity**: The exact sizes of the Classes are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, ListenClear made autodialed calls to thousands of consumers who fall into the definition of the Classes. Members of the Classes can be easily identified through Defendants' records and by reference to other objective criteria.

30. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

    (a)    whether Defendants' conduct violated the TCPA;

    (b)    whether Defendants utilized an ATDS to make calls to Plaintiff and the Autodialed No Consent Class Members;

    (c)    whether members of the Classes are entitled to treble damages based on the willfulness of Defendants' conduct;

    (d)    whether Defendants obtained prior express consent to contact any class members;

  (e) whether Defendants made multiple unsolicited calls to consumers who were registered on the Do Not Call registry for at least thirty (30) days; and

  (f) other common questions of law and fact.

31. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendants have no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Classes.

32. **Appropriateness**: This class action is also appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendants' business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to the Classes as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the

complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendants' misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227 *et seq*.)**
**(On Behalf of Plaintiff and the Autodialed No Consent Class)**

33.     Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

34.     Defendants made autodialed calls to cellular telephone numbers belonging to Plaintiff and other members of the Autodialed No Consent Class without first obtaining prior express consent to receive such calls.

35.     No consent to be called was obtained from Plaintiff or the other Autodialed No Consent Class members.

36.     Defendants made the autodialed calls using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator, to receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention. The telephone dialing equipment utilized by Defendants, also known as a predictive dialer, dialed numbers from a

list, or dialed numbers from a database of telephone numbers, in an automatic and systematic manner. Defendants' autodialer disseminated information *en masse* to Plaintiff and other consumers.

37. ListenClear's equipment is an ATDS under the TCPA.

38. By making the autodialed calls to Plaintiff and the cellular telephones of members of the Autodialed No Consent Class without their prior express written consent, and by utilizing an ATDS to make those calls, Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii).

39. Defendants have, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendants' conduct, Plaintiff and the other members of the Autodialed No Consent Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

40. In the event that the Court determines that Defendants' conduct was willful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Autodialed No Consent Class.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the DNC No Consent Class)**

41. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

42. 47 U.S.C. § 227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

43. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

44. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the FCC's July 3, 2003 Report and Order, which in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as

14

wireline subscribers.[4]

45. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .
>
> (4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party

---

[4] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

15

with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

46. Defendants violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, repeated telephone solicitations to wireless telephone subscribers such as Plaintiff and the DNC No Consent Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. These consumers requested to not receive calls from Defendants, as set forth in 47 C.F.R. § 64.1200(d)(3).

47. Defendants also violated 47 C.F.R. § 64.1200(d) by failing to have a written policy regarding do not call requests and by failing to inform or train its personnel regarding any do not call list.

16

48. Defendants made more than one unsolicited telephone call to Plaintiff and other members of the DNC No Consent Class within a 12-month period without their prior express consent to receive such calls. Plaintiff and other members of the DNC No Consent Class never provided any form of consent to receive telephone calls from Defendants.

49. Defendants do not have a current record of consent to place telemarketing calls to them.

50. Defendants violated 47 C.F.R. § 64.1200(d) by initiating calls for telemarketing purposes to residential and wireless telephone subscribers, such as Plaintiff and the DNC No Consent Class, without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them.

51. Defendants violated 47 U.S.C. § 227(c)(5) because Plaintiff and the DNC No Consent Class received more than one telephone call in a 12-month period made by or on behalf of Defendants in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendants' conduct as alleged herein, Plaintiff and the DNC No Consent Class suffered actual damages and, under section 47 U.S.C. § 227(c), are each entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

52.     To the extent Defendants' misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by Plaintiff and the DNC No Consent Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Joseph Roberts, individually and on behalf of the Classes, prays for the following relief:

1.      An order certifying the Classes as defined above, appointing Plaintiff Joseph Roberts as the representative of the Classes, and appointing his counsel as Class Counsel;

2.      An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

3.      Treble damages to the extent Defendants' actions are determined to have been willful;

4.      An order declaring that Defendants' actions, as set out above, violate the TCPA;

5.      An injunction requiring Defendants to cease all unsolicited autodialed calling activities, and otherwise protecting the interests of the Classes;

6. An injunction prohibiting Defendants from conducting any future telemarketing activities until they have established an internal Do Not Call List as required by the TCPA;

7. An award of pre- and post-judgment interest;

8. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

9. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

                                          Respectfully Submitted,

                                          **JOSEPH ROBERTS**, individually and on behalf of Classes of similarly situated individuals

Dated: April 3, 2019                    By: */s/Jennifer Auer Jordan*
                                                One of Plaintiff's Attorneys

                                          Jennifer Auer Jordan
                                          jordan@ssjwlaw.com
                                          Georgia Bar Number: 027857
                                          Shamp Jordan Woodward LLC
                                          1718 Peachtree Street NW, Suite 660
                                          Atlanta, Georgia 30309

                                          Steven L. Woodrow*
                                          swoodrow@woodrowpeluso.com
                                          Patrick H. Peluso*
                                          ppeluso@woodrowpeluso.com

Woodrow & Peluso, LLC
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Tel: 720-213-0675
Fax: 303-927-0809
*Attorneys for Plaintiff and the Classes*

*\* Pro Hac Vice Admission to Be Sought*